NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5597-14T1
 A-0414-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

TAHIR T. SUTTON, a/k/a
TAHIR TIQUAN SUTTON,

 Defendant-Appellant.
_________________________________

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DIONTE POWELL, a/k/a
DIONTE MONTEL POWELL,
DIANTE S POWELL, HOTTIE,

 Defendant-Appellant.
__________________________________

 Submitted September 14, 2017 – Decided September 22, 2017

 Before Judges Haas and Gooden Brown.

 On appeal from Superior Court of New Jersey,
 Law Division, Warren County, Indictment No.
 13-09-0422.
 Joseph E. Krakora, Public Defender, attorney
 for appellant in A-5597-14 (Frank M. Gennaro,
 Designated Counsel, on the brief).

 Joseph E. Krakora, Public Defender, attorney
 for appellant in A-0414-15 (Tamar Y. Lerer,
 Assistant Deputy Public Defender, of counsel
 and on the briefs).

 Richard T. Burke, Warren County Prosecutor,
 attorney for respondent in A-5597-14 and A-
 0414-15 (Kelly Anne Shelton, of counsel and
 on the briefs).

PER CURIAM

 In these back-to-back appeals, which we now consolidate for

purposes of this opinion, defendants Tahir Sutton and Dionte Powell

challenge their convictions and sentences following a joint jury

trial involving robbery, burglary, and other charges. We affirm

in part, reverse in part, and remand for further proceedings.

 I.

 In the early morning hours of March 15, 2013, two men wearing

dark clothing, hoodies, masks, and gloves entered the employee

breakroom of a convenience store gas station. Both were carrying

handguns and one held a backpack. Once inside, the men encountered

two employees and demanded money. The two men took approximately

$1000 from the employees and some cigarettes and cigar packages

from the store shelves. As the men ran from the store, one of

them dropped his gun and a piece of it broke off when it hit the

 2 A-5597-14T1
floor. The man retrieved the gun, but left the broken piece

behind.

 Approximately forty minutes later, a patrol officer using a

radar device observed a car traveling over the speed limit. The

officer activated his overhead lights and siren, but the driver

of the car refused to stop. The officer pursued the vehicle until

it crashed into a telephone pole. Four occupants got out of the

car and all but one ran away. The officer was able to detain a

female passenger. The officer saw that the rear window of the car

was broken, there was a small sledgehammer on the backseat, and

the ignition had been broken with a screwdriver. The officer also

observed a backpack on the rear floor of the car.

 At the police station, the female passenger identified Powell

as the driver of the car and Sutton as one of the passengers. She

told the police that she called Powell to ask for a ride to her

mother's house. Shortly after she got into the car, the police

chase began.

 The police located the registered owner of the car, who gave

his written consent to a police search of the vehicle and all of

its contents, including "[a]ny and all containers found therein."

Inside the backpack, the police found two handguns, packages of

cigars and cigarettes, two ski masks, and other clothing. One of

the guns was broken and the piece found at the store fit the

 3 A-5597-14T1
missing part of the gun. Sutton's thumb print was found on the

exterior of the car. DNA found on one of the ski masks matched

Sutton, and DNA on the other mask matched Powell. DNA on cigarette

butts found in the car also matched Sutton.

 The police set up a surveillance outside the female

passenger's home. At approximately 6:00 a.m., the police saw

Powell and Sutton walking down the street. Their physical

characteristics and clothing matched the robbery suspects. The

police arrested defendants. A search incident to that arrest

disclosed that each defendant was carrying approximately $500.

 II.

 A Warren County grand jury subsequently returned a nine-count

indictment charging Sutton and Powell with second-degree

conspiracy to commit robbery, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A.

2C:15-1(a)(1) (count one); second-degree burglary, N.J.S.A. 2C:18-

2(b) (count two); first-degree robbery, N.J.S.A. 2C:15-1(a)(1)

(count three); second-degree possession of a weapon for an unlawful

purpose, N.J.S.A. 2C:39-4(a)(1) (count four); third-degree

unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count

five); third-degree theft of an automobile, N.J.S.A. 2C:20-3

(count six); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)

(count eight); and fourth-degree obstructing administration of law

or other governmental function, N.J.S.A. 2C:29-1 (count nine).

 4 A-5597-14T1
The indictment also separately charged Powell with second-degree

eluding, N.J.S.A. 2C:29-2(b) (count seven).

 Prior to trial, the judge denied defendants' motion to

suppress the items the police seized from the backpack they

abandoned in the stolen car when they ran from the scene of the

accident. Following a multi-day trial, the jury convicted

defendants of all of the charges contained in the indictment.

 At Powell's sentencing, the judge merged count one into count

three, and count nine into count eight. The judge sentenced Powell

to twelve years in prison on count three, subject to the 85% parole

ineligibility provisions of the No Early Release Act (NERA),

N.J.S.A. 2C:43-7.2; concurrent ten-year terms on counts two and

four; a concurrent five-year term with a three-year period of

parole ineligibility on count five; a concurrent three-year term

on count six; a consecutive six-year term on count seven; and a

concurrent eighteen-month term on count eight. Thus, Powell's

aggregate sentence was eighteen years.

 At Sutton's sentencing, the judge also merged count one into

count three, and count nine into count eight. The judge sentenced

Sutton to twelve years in prison subject to NERA on count three;

concurrent ten-year terms on counts two and four; a concurrent

five-year term with a three-year period of parole ineligibility

on count five; a consecutive three-year term on count six; and a

 5 A-5597-14T1
concurrent eighteen-month term on count eight. Accordingly,

Sutton's aggregate sentence was fifteen years. These appeals

followed.

 On appeal, Sutton raises the following contentions:

 POINT I

 THE TRIAL COURT IMPROPERLY DENIED DEFENDANT'S
 MOTION TO SUPPRESS EVIDENCE.

 A. Standing.

 B. Automobile Exception.

 C. The Consent Search.

 D. Reliance On Facts Not Known Before The
 Search.

 POINT II

 THE TRIAL COURT WRONGFULLY DENIED DEFENDANT'S
 MOTION FOR JUDGMENT OF ACQUITTAL.

 POINT III

 THE TRIAL COURT'S JURY INSTRUCTION ON THE
 CRIME OF BURGLARY CONSTITUTED PLAIN ERROR.
 (Not Raised Below).

 POINT IV

 THE TRIAL COURT'S JURY INSTRUCTION ON THE
 DOCTRINE OF FLIGHT WAS PLAIN ERROR. (Not
 Raised Below).

 POINT V

 THE IMPOSITION OF CONSECUTIVE SENTENCES WAS
 INAPPROPRIATE, AND THE IMPOSITION OF A
 SENTENCE FOR SECOND[-]DEGREE BURGLARY WAS
 IMPROPER.

 6 A-5597-14T1
Powell presents the following arguments:

 POINT I

 THE TRIAL COURT DENIED DEFENDANT HIS RIGHT TO
 AN IMPARTIAL AND COMPETENT JURY WHEN IT FAILED
 TO CONDUCT ANY INQUIRY INTO TWO JURY
 IRREGULARITIES THAT AROSE DURING TRIAL.

 A. Introduction

 B. These Incidents Triggered The Trial
 Court's Independent Obligation To Ensure
 That The Jury Panel Was Impartial And
 Competent. Its Failure To Do So
 Necessitates Reversal Of Defendant's
 Convictions.

 C. Conclusion.

 POINT II

 OFFICERS' TESTIMONY THAT DEFENDANTS "MATCHED"
 THE VIDEO OF THE ROBBERS AND THAT ITEMS FOUND
 AT THE SCENE OF THE ELUDING "MATCHED" ITEMS
 TAKEN BY THE ROBBERS WAS INAPPROPRIATE
 ULTIMATE-ISSUE TESTIMONY, UNHELPFUL TO THE
 JURY, AND HIGHLY PREJUDICIAL. ITS ADMISSION
 NECESSITATES REVERSAL OF DEFENDANT'S
 CONVICTIONS RELATED TO THE ROBBERY. (Not
 Raised Below).

 POINT III

 THE TRIAL COURT COMMITTED NUMEROUS ERRORS AT
 SENTENCING, RENDERING THE SENTENCE EXCESSIVE
 AND REQUIRING A REMAND FOR RESENTENCING.

 A. The Trial Court Improperly Rejected The
 Applicability Of Mitigating Factor 11.

 B. The Trial Court Improperly Imposed
 Consecutive Sentences.

 7 A-5597-14T1
 C. The Conviction For Possession Of A Weapon
 For An Unlawful Purpose Must Merge Into The
 Robbery Or Burglary Conviction.

 D. The Judgment Of Conviction Must Be
 Amended To Accurately Reflect Defendant's
 Sentence.

 POINT IV

 DEFENDANT JOINS POINTS ONE THROUGH FIVE OF CO-
 DEFENDANT'S BRIEF.

 III.

 We find insufficient merit in Sutton's Points I, II, and III,

and in Powell's Points I and II to warrant discussion in a written

opinion. R. 2:11-3(e)(2). Therefore, we proceed to discuss the

arguments raised by Sutton in Point IV of his brief concerning his

convictions for resisting arrest and obstruction, and Powell's

arguments in Point IV of his brief, incorporating Sutton's

positions concerning his own convictions for eluding, resisting

arrest, and obstruction.

 Defendants assert that the general flight charge given to the

jury by the trial judge, while conforming to the model jury charge

on flight, constituted plain error because it failed to distinguish

among the charges listed in the indictment and did not instruct

the jury that the inference of consciousness of guilt did not

apply to the eluding, resisting arrest, and obstruction charges.

We agree.

 8 A-5597-14T1
 It is well settled that "[a]ppropriate and proper charges are

essential for a fair trial." State v. Baum, 224 N.J. 147, 158-59

(2016) (alteration in original) (quoting State v. Reddish, 181

N.J. 553, 613 (2004)). Jury instructions must give a

"comprehensible explanation of the questions that the jury must

determine, including the law of the case applicable to the facts

that the jury may find." Id. at 159 (quoting State v. Green, 86

N.J. 281, 287-88 (1981)). "[I]n reviewing any claim of error

relating to a jury charge, the 'charge must be read as a whole in

determining whether there was any error[.]'" State v. Gonzalez,

444 N.J. Super. 62, 70-71 (App. Div.) (quoting State v. Torres,

183 N.J. 554, 564 (2005)), certif. denied, 226 N.J. 209 (2016).

If, like here, defense counsel did not object to the jury charge

at trial, the plain error standard applies. State v. Singleton,

211 N.J. 157, 182-83 (2012).

 Under that standard, we reverse only if the error was "clearly

capable of producing an unjust result," id. at 182 (quoting R.

2:10-2), and consider the totality of the circumstances when making

this determination. State v. Marshall, 123 N.J. 1, 145 (1991),

cert. denied, 507 U.S. 929, 113 S. Ct. 1306, 122 L. Ed. 2d 694

(1993). However, the Supreme Court has repeatedly cautioned that

in a criminal trial, "erroneous jury charges presumptively

constitute reversible error . . . and are poor candidates for

 9 A-5597-14T1
rehabilitation under the harmless error philosophy." Singleton,

supra, 211 N.J. at 196 (citations omitted).

 Applying these standards, we are satisfied that the trial

judge's general instruction on flight clearly had the capacity to

confuse the jury in its consideration of the specific eluding

offense in count seven, resisting arrest by flight offense in

count eight, and the obstruction offense in count nine. Flight

from custody or the scene of a crime, if carried out with the

purpose of avoiding apprehension, prosecution, or arrest, is

generally admissible to draw an inference of guilt. State v.

Mann, 132 N.J. 410, 418-19 (1993). However, although evidence of

flight may be admissible, "[t]he potential for prejudice to the

defendant and the marginal probative value of evidence of flight"

requires the court to carefully consider the manner in which such

evidence is presented to a jury. Id. at 420.

 Here, the trial judge instructed the jury as follows on the

evidentiary value of a defendant's flight after the commission of

an offense:

 Now, there's also been testimony in this
 case from which you may infer that one or both
 of the defendants fled shortly after the
 alleged commission of the crime. Both
 defendants deny any flight and deny any
 actions they took constituting flight. The
 question you must decide is whether either or
 both defendants fled after the commission of

 10 A-5597-14T1
 the crime. That's another question of fact
 for you to determine.

 Mere departure from a place where a crime
 has been committed does not constitute flight.
 If you find that a defendant, fearing an
 arrest or accusation would be made against him
 on the charges involved in this case, that he,
 therefore, took refuge in flight for the
 purpose of evading arrest or accusation, then
 you may consider such flight in connection
 with all the other evidence as an indication
 of proof of consciousness of guilt.

 Flight may only be considered as evidence
 of consciousness of guilt if you determine
 that a defendant's purpose was to evade
 accusation or arrest for the offense or
 offenses charged in the indictment. It is for
 you, as the judges of the facts, to decide
 whether or not the evidence of flight shows a
 consciousness of guilt, and decide the weight
 to be given such evidence in light of all of
 the other evidence in the case.

 Although this instruction followed the relevant model charge

on flight,1 the trial judge failed to specify the offenses to which

the jury could apply it. This omission was an error, which was

clearly capable of producing an unjust result. See R. 2:10-2.

 This is so because the flight charge is only applicable to a

flight from the scene, which occurs after the commission of an

offense for which the defendant is charged. In this case, the

offenses submitted to the jury for disposition included burglary,

robbery, gun possession, and theft in counts one through six,

1
 Model Jury Charges (Criminal), "Flight" (2010).

 11 A-5597-14T1
together with eluding, resisting arrest, and obstruction in counts

seven through nine. The judge properly presented the jury with

the flight charge concerning counts one through six, which were

the only offenses that allegedly occurred before defendant's

flight from the scene of their commission.

 However, the flight charge was clearly not applicable to the

separate and distinct charges of eluding (count seven)2, resisting

arrest (count eight)3, and obstruction (count nine)4, each of which

requires the State to prove flight as an essential element of the

offense. Because the judge did not instruct the jury that the

flight instruction only applied to counts one through six, the

jury could have inappropriately considered evidence of flight as

tending to prove that defendants acted knowingly in their alleged

attempt to elude the police, resist arrest by flight, or obstruct

justice.

 In view of this plain error in presenting the question of

flight to the jury, we are constrained to reverse Sutton's

convictions under counts eight and nine for resisting arrest and

2
 Model Jury Charges (Criminal), "Eluding An Officer" (2004).
3
 Model Jury Charges (Criminal), "Resisting Arrest-Flight Alleged"
(2007).
4
 Model Jury Charges (Criminal), "Obstructing Administration of
Law or Other Governmental Function" (2000).

 12 A-5597-14T1
obstruction. See Mann, supra, 132 N.J. at 420. We also reverse

Powell's convictions under counts seven, eight, and nine for

eluding, resisting arrest, and obstruction. Ibid. Therefore, we

also vacate each defendant's sentences for these offenses, and

remand for further proceedings.

 IV.

 Moving on to the excessive sentence arguments raised by Sutton

and Powell in Points V and III of their respective briefs, we note

at the outset that this matter must be remanded to the trial court

to correct three mistakes made at the time of sentencing.

 First, the parties agree, and we concur, that defendants'

convictions under count four for unlawful possession of a weapon

for an unlawful purpose should have been merged into their

convictions for armed robbery under count three. See State v.

Diaz, 144 N.J. 628, 636 (1995) (holding that "[w]hen the only

unlawful purpose in possessing the gun is to use it to commit the

substantive offense, merger is required"). Second, each

defendant's judgment of conviction fails to state that the

sentences the judge imposed for second-degree burglary under count

two are subject to NERA. See N.J.S.A. 2C:43-7.2(a) and N.J.S.A.

2C:43-7.2(d)(12).

 Third, when the trial judge sentenced Powell to a three-year

term on count six, he specifically stated that this was a

 13 A-5597-14T1
concurrent, rather than a consecutive, sentence. However,

Powell's judgment of conviction mistakenly states that this

sentence should run consecutively. When a trial judge's oral

opinion reflects a proper sentence, it controls over the judgment

of conviction. State v. Warmbrun, 277 N.J. Super. 51, 58 n.2

(App. Div. 1994), certif. denied, 140 N.J. 277 (1995). Therefore,

Powell's judgment of conviction is incorrect.

 Therefore, we remand these matters for the entry of amended

judgments of conviction correcting these three mistakes.

 In all other respects, we discern no basis for disturbing the

sentences imposed by the trial judge upon each defendant. Trial

judges have broad sentencing discretion as long as the sentence

is based on competent credible evidence and fits within the

statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005).

Judges must identify and consider "any relevant aggravating and

mitigating factors" that "are called to the court's attention[,]"

and "explain how they arrived at a particular sentence." State

v. Case, 220 N.J. 49, 64-65 (2014) (quoting State v. Blackmon, 202

N.J. 283, 297 (2010)). "Appellate review of sentencing is

deferential," and we therefore avoid substituting our judgment for

the judgment of the trial court. Id. at 65; State v. O'Donnell,

117 N.J. 210, 215 (1989); State v. Roth, 95 N.J. 334, 365 (1984).

 14 A-5597-14T1
 We are satisfied the judge made findings of fact concerning

aggravating and mitigating factors that were based on competent

and reasonably credible evidence in the record, and applied the

correct sentencing guidelines enunciated in the Code.

Accordingly, there is no basis to second-guess the sentences.

 In sum, we affirm defendants' convictions under counts one

through six. We reverse Sutton's convictions for counts eight and

nine, and Powell's convictions for counts seven, eight, and nine,

vacate their sentences on these charges, and remand for further

proceedings. Finally, we also remand for correction of defendants'

judgments of conviction as determined above. The sentences imposed

by the trial judge are otherwise affirmed.

 Affirmed in part; reversed in part; and remanded. We do not

retain jurisdiction.

 15 A-5597-14T1